UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TINA MEDINA,<br><br>                          Plaintiff,<br>v.<br><br>JUDGE LAURA H. MILLER et al.,<br>                        Defendants. | Case No.: 24-CV-824-CAB-MSB<br><br>**ORDER GRANTING UNOPPOSED MOTION TO DISMISS**<br><br>[Doc. No. 5] |

On May 9, 2024, pro se Plaintiff Tina Medina filed the complaint in this lawsuit purporting to assert claims for "deprivation of liberty," against six California state court judges, including the chief justice of California, and an attorney. The claims in the complaint appear to arise out of the defendants' alleged involvement in a state court child custody matter. The six judicial defendants filed a motion to dismiss on May 31, 2024. The motion set a hearing date (for briefing purposes only) of July 8, 2024. Civil Local Rule 7.1.e.2 requires a party opposing a motion to file an opposition or statement of non-opposition no later than fourteen calendar days before the noticed hearing. Thus, based on the hearing date of July 8, 2024, Plaintiff's opposition to the motion to dismiss was due on June 24, 2024. No opposition has been filed. Under the local rules, Plaintiff's failure to oppose "may constitute a consent to the granting of [the] motion." *See* CivLR 7.1.f.3.c.

District courts have broad discretion to enact and apply local rules, including dismissal of a case for failure to comply with the local rules. *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (affirming grant of an unopposed motion to dismiss under local rule by deeming a pro se litigant's failure to oppose as consent to granting the motion). Before dismissing an action for failure to comply with local rules, the district court "weigh[s] several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" *Id.* at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

Here, the *Ghazali* factors support granting the motion based on the lack of opposition because Plaintiff's failure to oppose the motion to dismiss indicates that Plaintiff has abandoned her claims against the judicial defendants and consents to the granting of the motion to dismiss. The public's interest in expeditious resolution of litigation, the court's need to manage its docket, the risk of prejudice to the judicial defendants by further delays in this litigation, and the lack of appropriate less drastic sanctions all support dismissal. Moreover, upon review of the motion and of the record, the motion appears to be meritorious and dismissal is warranted for all of the reasons stated in the motion, including that the judicial defendants are entitled to judicial immunity, the Court lacks subject matter jurisdiction, and the complaint otherwise fails to state a claim on which relief can be granted. Therefore, the Court assumes the lack of opposition to the motion to dismiss is intentional and constitutes Plaintiff's consent to the granting of the motion.

Accordingly, the motion to dismiss is **GRANTED** based on the lack of opposition and on its merits for the reasons set forth above, and the complaint is **DISMISSED WITH PREJUDICE** as to Plaintiff's claims against Judge Laura H. Miller, Judge Maureen H.

Hallahan, Judge Jose S. Castillo, Judge Daniel F. Link, Justice Patricia Guerrero, and Judge Blaine K. Bowman.[1]

It is **SO ORDERED.**

Dated:  July 2, 2024

Hon. Cathy Ann Bencivengo
United States District Judge

---

[1] The remaining Defendant, Stephanie Mendez, has not appeared, and there is no indication on the docket that she has been served with the summons and complaint.  Plaintiff is advised that if Ms. Mendez is not served within 90 days of the complaint being filed, the claims against her will be subject to dismissal for failure to prosecute under Federal Rule of Civil Procedure 4(m).